# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
MAR 25 2019
David J. Bradley, Clerk of Court

LOYD LANDON SORROW
Plaintiff

v.

Civil Action No. _____

STATE OF TEXAS, et al.

## MOTION FOR RELIEF FROM THE JUDGEMENT
### F.R.C.P. - 60(b),(3),(4),(5),(6),(d)

Sorrow asks this Court to grant relief from the 263rd Judicial District Court of Harris County, Texas Criminal Judgment of Conviction in the Cause of #874978, as is authorized by Federal Rule of Civil Procedure 60(b), an Order to Reopen Review by "full panel" in the Court of Criminal Appeals.

### A. INTRODUCTION

1. Plaintiff is Loyd Landon Sorrow #1134905; defendant is the State of Texas/263rd Judicial District Court & Court Criminal Appeals of Texas.

2. • Plaintiff has filed, five Habeas petitions #874978-A-E, between 2003-2017;
   • Plaintiff has filed Civil Action, 2011- #D-1-GN-11-003739 - Moved & changed No. 79003-I; 14th Court of Appeals #14-15-00571-CV; Texas Supreme Court #16-0987, denied Jan. 27, 2017;
   • Plaintiff now has pending No. 2017-30299 - Declaratory Judgment - 334th Judicial District Court Harris County, Texas;

- Plaintiff also has pending in 14th Court of Appeals Civil Action, ——. Trl. Crt. # 2017-33383 - Appeal # 14-18-00901-CV, also from a Dismissal with Prejudice the Sheriff as party by 334th Judicial District Court of Harris County, Texas.

3. The 263rd Judicial District Court rendered a judgment of conviction on 09/06/02, from a Deferred Adjudicated plea bargain on 05/20/02.

4. Plaintiff seeks relief from the judgment on Three distinct harmfull error issues;

   A. Plaintiff may seek relief from this judgment if (1). the State or adverse party engaged in fraud and or misconduct and (2) the judgment was unfairly obtained. Fed. R. Civ. P. 60(b)(3)(4). Schreiber Foods, Inc. v. Beatrice Cheese Inc. 402 F.3d. 1198, 1205-06 (Fed. 2005); see Gov't Fin. Srevs. One Ltd. P'ship v. Peyton Place, Inc. 62 F.3d. 767, 772 (5th Cir. 1995).
   In this case the Trial Court accepted a plea bargain, and confession from a Mentally Ill pretrial detainee under the influence of 4 powerful mind altering drugs (195 mgs Darvon; 150 mgs Elavil; 20 mgs Flexeril and .2 mgs Clonidine), without providing procedural safeguards as is required by State Law - Texas Code Criminal Procedure Art. 16.22 and 46.B, and in violation of Supreme Court Rulings. see; Ruiz v. Estelle 503 F. Supp. 1265, 1339 (S.D. Tex. 1980) affi'd in part and rev'd in part on other grounds, 679 F.2d 1115 (5th Cir. 1982), amended in part and vacated in part on other grounds 688 F.2d. 266 (5th Cir. 1982), also; violation of Due Process Clause of both State and U.S. Constitutions. Bell v. Wolfish 441 U.S. 520, 545, 99 S.Ct. 1861, 1877, 60 L.Ed 2d. 447 (1979), because the Trial

2.

Court used Robert Haye's Affidavit, (Courts appointed Trial Attorney) and found it to credible upon Habeas Corpus 11.07 #874-978-A, for its determination of competence to Stand Trial, instead of statutory safeguard provisions provided by law. see, Texas Code Criminal Procedure art 16.22 and 46.B.004, see; Rodriguez v. State 329 S.W.3d 74, 78 (Tex. App.—Houston [14th Dist.] 2010, no pet.) also see; Lindsey v. State 310 S.W.3d. 186, 188-89 (Tex. App.—Amarillo 2010, no pet.).

Regardless of what anyone says attached are 4, Documents that show contrary, or at least extinguish the presumption of competence to Stand Trial, T.C.C.P. Art. 46 B. 003, at all the different phases of Trial and Sentencing.

Robert Hayes is schooled in law not medicine thus only lay testimony when a expert is called for, the attorneys affidavit gives only subjective opinion and does not amount to a mental illness evaluation. Skinner v. State 956 SW2d 532, 540 (Tex. Crim. App. 1997). Tex. Rules Evidence 704 and 705.

This is unfair, and is a misconduct by the Trial Court after it learned of my severe depression, and heavy medications, also the documents show Audio & Visual Hallucinations and Referrals "(that never happened)" to Mental Health and Mental Retardation Authorities, one of which about 14 days before Trial, for the Court to at least hold a hearing to learn more facts of this mental health claims, and to correct the Records at which I was denied the ability to form Records for Appeal purposes.

This equates an miscarriage of Justice,

3.

to allow a Drug Induced Confession after a year incarceration by a Medically Diagnosed Mentally Ill. Pre-Trial Detainee, without a justifycation for those medications for trial purposes, offering no type of procedural safeguard to protect that confession as non-coerced, or to protect the defendants constitutional rights, as did David Riggins. see; Riggin v. Nevada 112 S.Ct. 1810 at 1812, citing; Bee v. Greaves 744 F.2d. 1387 (10th Cir. 1984). F.R.C.P. 60(b)(3)(4) Due Process Neglect.

Harris County refused to give me all of my medical records after many, many requests and then destroyed them while litigation was still in progress. This has impaired my abilities from fully and fairly presenting the merits on this case. Ty Inc. v. Softbelly's Inc. 353 F.3d. 528, 536 (7th Cir. 2003). see; attached affidavit and exhibits.

B. Plaintiff is allowed to seek relief from the 263rd Judicial Courts judgment because it is void. Federal Rules Civil Procedure 60(b)(4); United Student Aid Funds, Inc. V. Espinosa, 559 U.S. 260, 269-70 (2010).

The judgment in this case is void because the Trial Court lacked the authority to move forward with judicial procedures untill it recieved expert assessments on competence to stand trial, after the Plaintiff was medically determined to have severe depression (Mental Illness) and medicated with 150mgs Elavil, on top of three other narcotic medications.

To recieve Elavil (anti-depressant) in accordance to Texas Health & Safty Code §481.071(a), this drug cannot be prescribed without a valid medical purpose to treat a mental illness (Depression).

4.

Attached document - Harris County Sheriffs Office - Medical Division - Health Assessment, dated May 15, 2001 - Medical History and Review of Systems #5 - Mental Problems (institutional care) checked YES - Remarks #5 Depression & Elavil 1996, triggered the Mandatory Safegaurd provisions; Texas Code of Criminal Procedure art's §16.22, and 46 B.004 (b). see; Lasiter v. State 283 S.W.3d. 909, 925 (Tex. App. - Beaumont 2009, pet. Ref'd), because a defendant has the right to be competent to stand Trial throughout the entire procedure, including the sentencing phase. see; Rodriguez v. State 329 S.W.3d. 74, 78 (Tex. App. - Houston [14th Dist.] 2010 no pet.). Exhibit One.

Texas Code of Criminal Procedure art. 16.22(c) is what removes the authority from the Trial Court from having "any" criminal proceedings on a mental health patient, that only may be incompetent. To do so is an act outside of the law.

This was a standard practice in Harris County; only after my lawsuit in 2011, trying to sue for destroying and hyding my Medical and Mental Health Records, Senators John Whitmire and Huffan instigated a new directed at Harris County to begin a Felony Mental Health Court, Law.

In 2012 Harris County - Honorable Jan Krocker - 184th District Court (Founding Judge), also Honorable David Mendoza - 178th District Court and Honorable Brock Thomas - 338th District Court; Presiding Judges, who volunteer their time in this theraputic court.

This is for Non-violent felonies which discriminates against people innocent (like me) with serious violent charges who are mentally

5.

ill and still being medicated by mind altering combinations of drugs in high dosages.

Article 16.22 is a mandatory provision and it is well established in Texas Law that "No one, under any circumstances, should be deprived of any right given him by the laws of this State, and, if any provision of our Code of Criminal Procedure has been overlooked or disregarded, if, in the remotest degree, it could have been hurtfull or harmfull to the person on trial, the verdict should be set aside. He has a right to be tried in accordance with the rules and form of law, and if this sort of a trial is not accorded him, he has a right to complain, and to this complaint we will ALWAYS give an attentative ear." see; Parker v. State 745 s.w.2d. 934, 937 (Tex. App. - Houston [1st Dist.] 1988, pet. ref'd).

Texas Code of Criminal Procedure art. 16.22 and 46.B.004 and .005 were totally disregarded while I was seeing tracers shoot through the air, hearing echoes, and voices, depressed, suffering severe anxiety attacks, urinating and fighting on other inmates, heart trouble, and more, due to over dosage's of prescribed drugs. "Drug Induced and Judicially Raped." with Due Process of Law. see; Exhibits One — Four, attached.

The medications made me prone to suggestions, and confused to where I could not understand the proceedings with a sober and clear Rational mind.

For 18 years I fought, and fought for my innocence, and to recieve acknowlegdment for being drugged by Harris County and then being coerced into a confession/Plea Bargain, which equates a Trial, see; Lilly v. State 365 s.w.3d. 321, 328-29 (Tex. Crim. App. 2012).

6.

The mandatory language in Id. 16.22, and 46B of the Texas Code of Criminal Procedure robs the Trial Court of Procedural Jurisdiction or Authority to adjudicate a case on a Mental Health Care Pre-Trial Detainee. see; 16.22 (c), and 46B.004 (b), (c), (c-1), Reese v. State 772 sw2d. at 290 (Tx App-Waco 1989).

When a Pre-Trial Detainee is medically determined to be Mental Ill and then medicated for that illness and do not recieve constitutionally provided safegaurds or protections by his gaurdians, and allowed to proceed through courts, he has been denied his right to be competently heard or to bring into his defense for record to be heard his Mental Impairment and competence, he has been denied Due Process of Law, provided by both State and Federal Government, and makes any judgment there after void. see; In Re Heckert 272 F.3d. 253, 257 (4th Cir 2001); Texas Constituton art. I-§13, 19; US Constitution XIV amendt.

C. Now I will tie the above two issues to the new case law, that I had to find on my own because our Prison Law Library is inadequate and offer no way and or instruction on finding new court rulings. We have no new books or direct access to a legal material, case law, statutes, etc; etc; etc, to present our cases in timely ways, and must rely on each others outside help, (Friends, Relatives or others) by snail mail.

New Case Law to "us"; Ex Parte Albert Junior Dawson 509 S.W.3d. 294 (2016) - Court Criminal Appeals No. WR-85,612-02, explains that the Court of Criminal Appeals has been using improper procedures to review State Habeas Corpus petitions, when denying them without written orders, by one judge instead of a quorum of

7.

3 or 5 judges that the <u>Texas Constitution Art. V, § 5(c)</u>, mandates.

My Five Habeas petitions have merit, and the plain language of the Tex. Const. gives individual judges power to only "issue a writ" not deny or dismiss them, and always "each" judge of the quorum shall have their each individual written order, or opinion, not a rubber stamp denial or dismissal or agreed one judge Ruling.

The U.S. District Court and the plaintiff was decieved by the Court of Criminal Appeals, thus a fraud on the Court.

This has violated my Substantive Due Process Rights, in violation of the U.S. and Texas Constitutions, see; <u>U.S. Constitution, Amndt V</u>, through the <u>XIV</u>, and <u>Texas Constitution Art. I § 10, 13, 19</u>, because legislation did not intend Code of Criminal Procedure 11.07 rules to apply to the Texas Courts of Criminal Appeals, they go by appellate procedures, so 11.07 is for the Trial Court only. Id. <u>Dawson</u>.

Plaintiff believes he is entitled for his Habeas petitions to be ruled on the merits by a quorum of Court of Criminal Appeal "JUDGES", and that this Court can grant this Relief under Federal Rule 60(b)(5),(6);

(5); for fraud, misrepresentation and unfairness by not using a 3 or 5 Judge quorum, and that this is a Intervening Event allowing relief; see; <u>Horne v. Flores 557 US 433, 447 (2009)</u> and in <u>Ruffo v. Inmates of Sulfork Cty. Jail 502 U.S. 367, 383-84 (1992)</u>, and that because of the Unconstitutionality of the Court acting inconsistently with the Due Process Clauses it is not equitable for this Court to not act on my behalf; <u>In Re Racing Inc. 571 F.3d 729, 733-34 (8th Cir. 2009)</u>, and <u>Liljeberg v. Health Serv's Acquisition Corp. 486 U.S. 847, 863-64 (1988)</u>; and

8.

because it is a manifest of injustice, F.R.C.P. 60(b),(6) applies because these Habeas petitions have merit, or they would not had made it to the Court of Criminal Appeals to issue a judgment because, in Exparte Dawson; Only when the writ staff attorney and the assigned judge of the Court in consultation agree that the Habeas application is meritless may a judge deny or dismiss the writ without a quorum.

This did not occurr in my Habeas petitions, there are findings of facts and conclusions of law, on the merits, only to be denied or dismissed by a single judge, with an agreement by the other judges to rule for them.

This is plainly wrong, because a judges decision to issue a writ only means a command to bring the restrained before judge, not to deny dismiss or even grant the writ. see; Tx. Code Crim. Proc. Art. 11.01.

Some of my Habeas claims were dismissed for subsequent writ's, and I proclaim that they did not have the power to individually on their own, with one vote decide to deny or dismiss my meritoreous Habeas claims, under the Dawson standard. F.R.C.P. 60(b)(4),(5),(6), and it is applicable in this case, and if not then because of the exceptional circumstances it applies. Computor Prof'ls for Soc. Reasponsibility v. U.S. Secret Service, 72 F.3d. 897, 903 (D.C.Cir. 1996).

F.R.C.P 60(d), applies in this as well, since there was a departure from rigid adherence to the doctrine of Res judicata as explained in U.S. v Beggerly 524 U.S. 38, 46 (1998).

The timeliness of this Rule 60 Motion is adequate in accord to Turner v. Pleasant 663 F.3d.

9.

770, 777-78 (5th Cir. 2011) cited by; In Re Golf 255 Inc. 652 F.3d. 806, 809 (7th Cir. 2011), since there is no time dead line on the ground of Fraud on the court.

This case is a Harmless Error for Review in accordance to F.R.C.P. 61, since the full judge panel would have reviewed medical records attached to the first habeas application for Habeas corpus #874978-A, and might have found it had more weight for incompetence to stand trial and or involuntary intoxication by powerfull drugs without a court order to use them, instead of a "courts" appointed attorney who ineffectively swore by affidavit he knew nothing of my severe mental depression or the powerful narcotic's used to treat it by, the Sheriffs Office's - Medical Division, and its Dr. Seals referrals to M.H.M.R.A. about 14 days before trial. It is more likely than not I would had recieved a different ruling on my Habeas petitions, and Remanded back for Trial Court proceedings. see; Douglas v. United States Serves Auto Ass'n; 79 F.3d. 1415, 1424 (5th. Cir. 1996) and in; Matusick v. Erie Cty Water Auth. 757 F.3d. 31, 50 (2d Cir. 2014); F.R.C.P 52(6) & 61.

## CONCLUSION

This 60(b) a (d) Motion is appropriate, due to my only Recieving the Dawson case, at which verified what I had suspected was happening in Court of Criminal Appeals. Meritoreous claims that have undeniable medical records of proof of incompetency to stand trial and drug induced confessions, along with Due Process violations, should recieve fair reviews, if for no other

10.

reason but to learn if it is true, to ensure that Constitutional Safegaurds had been appropriate. It is well established Constitutional Law that you can not take the incompetant to Trial. See <u>Schlagenhauf v. Holder</u>, 379 U.S. 104, 118 (1964).

Harris County Sheriff's Office failed to protect my rights at trial. "Drug Induced Judicial Proceedings, without justification by a Court to do so."

Attached are Medical Documents showing when first noticed, the last time noticed, 14 days before trial a mental health referral, and then a few of the mental problems and emotional distress's I was experiencing from my depression and from being overly medicated, causing severe side-effects from the creation of a new drug by the mixture of many togather. (audio & visual hallucinations).

I was denied the right to appeal this issue because of a lack of providing Constitutional provided safe gaurds, habeas corpus was my only avenue, besides the on going lawsuits. <u>Ornelas v. Southern Tire Mart, LLC</u> 292 F.R.D. 388 (S.D. Tex. 2013).

<u>Sell v. U.S.</u> 539 U.S. 166, 123 S.Ct 2174 (2003), Sell was ordered by the Court to be medicated, I was ordered by a physician, without court procedural protections on competency.

Surely a full panel of judges is required on this issue I've diligently pursued for 18 years more or less, because I am innocent, and was drug induced by the prosecution team into a confession, which violated my Due Process Rights in accordance to; <u>Albright v. Oliver</u> 510 U.S. 266, 272 (1994); also <u>Drope v. Missouri</u> 420 U.S. 162 (1975), <u>Washington v Harper</u> 494 U.S. 210, 227 (1990) and especially <u>Johnson v. Meltzer</u> 134 F.3d. 1397-98 (9th.Cir. 1998), and in <u>Fisher v. Texas</u> 546 U.S. 938 (S.V.P.).

11.

Movevant now requests by incorporation of the Federal Rules of Evidence 201(b)(2), and (e)(2), and (e), for this Court to take "Judicial Notice" of the attached affidavit and its exhibits 1-4 (medical documents) and the F.D.A's (Food & Drug Administrations documents for Elavil, Flexeril, Darvon, and Clonidine, movevant further requests this court read Exparte Albert Junior Dawson 509 S.W. 3d. 294 (2016)-W.R. No. WR-85,612-02, which is the basis for this motion.

Plaintiff/Movevant requests his case be reopened for a full panel review of all of the issues in all five habeas corpus applications because under the Schlup v. Delo 513 U.S. 298 (1994) Standard, all of the combined issues show he is actually innocent.

My Habeas petitions have been harmed, and demand a do over, if possible or any available relief deemed appropriate by this U.S. District Court.

Respectfully Submitted;

_____ Sr.
Pro-se
Loyd Landon Sorrow Sr. #1134905
McConnell Unit - 19W #12
3001 S. Emilly Dr.
Beeville, Texas.
78102

### SERVICE

Plaintiff Sorrow Sr. #1134905 certifies that on March 18, 2019, that a True & Correct Copy of this Rule 60(b)&(d) Motion was served on the State of Texas Attorney General, with the exceptions of Exhibits which is in their possession already, and the original to the U.S. District Court-Southern Div. in Houston, Texas, _____ Sr.
by McConnell Unit - Mail Box/Beeville, Tx.         Loyd Landon Sorrow Sr.
                                                    Pro-Se

12.

## DECLARATION UNDER PENALTY OF PERJURY
### FED. R. CIV. P. 56(c),(4);
### FED. R. EVID. 602, 603;
### 901, 1003;
### 28 USC § 1746.

I Loyd Landon Sorrow Sr, declare that all of the forementioned is True & Correct to the best of my belief and knowledge, and that all of following documents/Medical Records and Food & Drug Administration documents are True Copys, within the following Exhibits for this Motion for Relief of Judgment, and that I only learned of the Exparte Dawson Case within 30 days of this declaration, and I declare all above in fear of penalty of perjury.

Executed on March 18, 2019.

*Loyd Landon Sorrow Sr.*

Loyd Landon Sorrow Sr.
#1134905
McConnell Unit - 19W12
3001 S. Emilly Dr-
Beeville, Texas
78102