IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LOYD LANDON SORROW, (TDCJ #1134905) | § § § |
| Petitioner, | § § |
| v. | § CIVIL ACTION NO. 4:19-cv-1133 |
| LORIE DAVIS, | § § § |
| Respondent. | § § |

## MEMORANDUM AND ORDER

The petitioner, Loyd Landon Sorrow, seeks a writ of habeas corpus to challenge a state- court judgment under 28 U.S.C. § 2254.[1] (Docket Entry No. 1). After considering the pleadings and the applicable law, the Court dismisses this case because Sorrow does not have the necessary permission to file it, meaning that this Court has no jurisdiction. The reasons are explained below.

**I.     Background**

Sorrow is incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division as the result of his 2002 conviction in Harris County Cause Number 874978. He was convicted of aggravated sexual assault of a child and sentenced to a prison term of 22 years, 6 months. The Fourteenth Court of Appeals of Texas affirmed Sorrow's

---

[1]Sorrow has filed a handwritten letter motion for relief from the judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Because the motion seeks relief from a state-court judgment, it is properly treated as a § 2254 petition.

conviction on direct appeal. *Sorrow v. State*, No. 14–02–01042–CR, 2003 WL 22012828 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). The Texas Court of Criminal Appeals refused Sorrow's petition for discretionary review. *Sorrow v. State*, PD-1915-03 (Tex. Crim. App. 2004).

Sorrow filed a state habeas application under Article 11.07 of the Texas Code of Criminal Procedure, challenging his conviction. In March 2006, the Court of Criminal Appeals denied the application, without a written order or a hearing, on the findings of the trial court. *See Ex parte Sorrow*, Application No. WR-61,919-02. Subsequently, Sorrow filed four additional state habeas applications, all of which were dismissed as subsequent. *See Ex parte Sorrow*, Application Nos. WR-61,919-03, WR-61,919-08, WR-61,919-11, WR-61,919-13.

In his federal habeas petition, executed on March 18, 2019, Sorrow contends that he is entitled to relief because he was mentally incompetent at the time of his guilty plea, which makes the judgment void. A review of public court records for this Court reveals that Sorrow has previously filed two § 2254 habeas petitions challenging the same conviction for aggravated sexual assault of a child. *See Sorrow v. Quarterman*, Civil No. 4:06-cv-1732 (S.D. Tex. July 23, 2007) (order dismissing petition with prejudice); *see also Sorrow v. Stephens*, Civil No. 4:14-cv-3520 (S.D. Tex. Jan. 29, 2015) (order dismissing petition without prejudice as unauthorized successive petition).

## II. Discussion

The pending petition Sorrow filed in this case is an unauthorized successive application under 28 U.S.C. § 2244(b). Before a second or successive application can be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). If the pending petition is a successive writ, this Court has no jurisdiction to consider it without prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). A later application is successive when it: (1) raises a claim challenging the conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ. *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Sorrow fails to demonstrate why he could not have raised the claims he raises here in an earlier federal habeas petition. The pending petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court on its own motion. *See Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is successive, Sorrow must seek authorization from the Fifth Circuit before this Court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts

to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Absent this authorization from the Fifth Circuit, this Court lacks jurisdiction over the petition. *Id.* at 775. It must be dismissed as an unauthorized successive writ.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). This requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would

find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether Sorrow stated a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1. The habeas corpus petition is **DISMISSED** without prejudice, for lack of jurisdiction as an unauthorized successive application.

2. A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on  MAR 2 9 2019 .

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE